IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL ACTION NO. 1:22-cr-11-TBM-RPM

**CURTIS NAVELLE HARRISON**

## ORDER

Curtis Navelle Harrison has filed two motions, a Motion for New Trial [184] and a Motion to Dismiss Counsel [185].

As Harrison is currently represented by counsel, he is not entitled to "hybrid representation" or representation by himself and by counsel. *See, e.g., United States v. Saunders*, 843 F.3d 1050, 1053-54 (5th Cir. 2016). Therefore, Harrison's self-filed Motion for New Trial [184] is improper and is denied.

This Court now turns to Harrison's Motion to Dismiss Counsel [185]. Counting that motion, since May 27, 2022, Harrison has filed eight motions to dismiss or withdraw counsel. [71], [90], [119], [136], [147], [156], [176], [185]. Those docket entries do not capture Harrison's *ore tenus* attempts to dismiss his counsel at other hearings and in the midst of his own trial. Additionally, all five of Harrison's counsel have filed some motion to withdraw, usually after being prompted by his attempts to dismiss them.[1]

R. Hayes Johnson moved to withdraw in July 2022, [73], and August saw James Bailey Halliday's motion, [92]. This Court permitted both to withdraw in the light of Harrison's disaffection. James Davis was then appointed and attempted to withdraw *ore tenus* on September

---

[1] R. Hayes Johnson, James Bailey Halliday, James Davis, and Robert Harenski were all CJA-appointed counsel. Wendy Martin was privately retained.

20, 2022, when Harrison retained Wendy Martin as private counsel. After Wendy Martin filed her motion, [112], this Court permitted her withdrawal and Davis took over. That is, until Davis filed a motion of his own. [150]. This Court initially denied Davis's attempted withdrawal, but then after he developed serious health concerns, this Court granted Davis's motion. Then, shortly after being appointed, Robert Harenski attempted to withdraw. [153]. But, since then, he has stayed the course and represented Harrison. Harenski has weathered several filed and *ore tenus* attempts by Harrison to dismiss him; attempts which this Court has consistently found to be groundless and without good cause. *See United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973); *United States v. Gentry*, 941 F.3d 767, 776-77 (5th Cir. 2019).

Given this history, this Court has heard a multitude of arguments from Harrison regarding his counsel's alleged deficiencies. In his current motion, Harrison appears to provide no basis to dismiss Harenski that this Court has not already adjudicated. But like his prior motions, the complaints can be difficult to decipher. Regardless, as a result of the history of this case, this Court will take that motion under advisement and address it at Harrison's sentencing on September 19, 2023. Harenski will continue to provide representation, including any meetings necessary for the presentence investigation report or further preparation for the sentencing hearing.

IT IS THEREFORE ORDERED that, Harrison's Motion for New Trial [184] is DENIED as improper. His latest Motion to Dismiss Counsel [185] is TAKEN UNDER ADVISEMENT.

THIS, the 3rd day of August 2023.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE